IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CYNTHIA CASTELLANOS, ) <br> ) <br> Defendant. ) <br> ) | 8:03CR394 <br><br> ORDER |

This matter is before the court on the defendant's motion to reduce her sentence under 18 U.S.C. § 3582(a), Filing No. 227. Her motion is premised on a recent Supreme Court holding that district courts may not "impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States,* — U.S. —, —,131 S. Ct. 2382, 2393 (2011). District courts may, however, make recommendations to the Bureau of Prisons ("BOP") regarding treatment programs and can discuss the benefits of such programs with defendants at sentencing. *Id.* at 2392.

Defendant and several others were charged with distribution and conspiracy to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. While on pretrial release after her arrest in 2003, Ms. Castellanos initially cooperated with law enforcement officers, but later fled the jurisdiction. Filing No. 222, Sentencing Memorandum at 1. She was arrested on a fugitive warrant and returned to the District of Nebraska for prosecution. *Id.* She then entered a plea of guilty to the charge. *Id.* The offense carries a maximum term of imprisonment of life and a mandatory minimum sentence of 10 years. She was sentenced to 180 months (15 years).[1]

---

[1] The court found the defendant's guidelines sentencing range was 360 months to life (at offense level 41 and criminal history category II). Filing No. 222, Sentencing Memorandum at 10. The Probation Office recommended a downward departure from that range to a sentence of 156 months because of the defendant's reduced mental capacity and her physical condition. *Id.* at 4. At the sentencing hearing, the defendant argued for a sentence of 120 months (the mandatory minimum) and the government argued for a sentence of 432 months. *Id.*

The record shows that the court merely recommended to the Bureau of Prisons that the defendant participate in the 500-hour Comprehensive Drug Treatment Program. Filing No. 223, Judgment at 2.  In the Sentencing Memorandum, the court explained that the rationale for the defendant's sentence was her level of involvement in the offense, the comparative sentences her co-conspirators had received, and the fact that she had absconded from the jurisdiction while she was on supervised release, causing significant problems for the government in proving its case against the co-conspirators.  Filing No. 222, Sentencing Memorandum at 12-13.  Accordingly, the defendant's sentence was not lengthened for rehabilitative purposes and *Tapia* has no application to this case. Accordingly, the court finds the defendant's motion should be denied.

IT IS ORDERED that the defendant's motion to reduce her sentence (Filing No. 227) is denied.

DATED this 12th day of January, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.